UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL VOGT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cv-00451-NCC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Daniel Vogt ("Plaintiff") for Child's Insurance Benefits ("CIB") under Title II of the Act, 42 U.S.C. §§ 401, *et seq.* Plaintiff has filed a brief in support of the Complaint (Doc. 10) and Defendant has filed a brief in support of the Answer (Doc. 15). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 5).

### I. BACKGROUND

On December 26, 2006, Plaintiff applied for CIB (Tr. 24-29). Plaintiff was approved to begin receiving benefits in February 2007 (Tr. 30-32). On August 29, 2007, Plaintiff was notified that he was no longer eligible for benefits based upon the wage earner's income (Tr. 37-38). In February 2008, Plaintiff was notified that he was no longer eligible for CIB because of his age (Tr. 45-46). Plaintiff turned 18 years old on November 14, 2006 and graduated high school in May 2008 at 19 years old (Tr. 107). On May 30, 2012, Plaintiff filed a request for reconsideration which was dismissed under the doctrine of *Res Judicata* on June 12, 2012 (Tr.

56-58). Plaintiff filed a request for hearing before an Administrative Law Judge ("ALJ") on August 10, 2012 (Tr. 59-61). After a hearing, by decision dated July 16, 2013, the ALJ found Plaintiff became ineligible for CIB on July 1, 2007, and remained ineligible through his 19th birthday and two months thereafter (Tr. 16-20). On November 5, 2014, the Appeals Council granted Plaintiff's request for review (Tr. 8-11). The Appeals Council issued an unfavorable decision finding Plaintiff became ineligible for CIB on July 1, 2007, and remained ineligible through his 19th birthday and two months thereafter (Tr. 2-7). As such, the Appeals Council decision stands as the final decision of the Commissioner.

## II. RELEVANT TESTIMONY

Relevant to the current motion, Plaintiff's father testified to the following at the Administrative Hearing:

> Q [Claimant's Attorney] And when Daniel's benefits ceased, did you make an appointment to speak with a representative of the Social Security Administration?
> A We have talked to numerous of them, yes.
> Q Could you maybe just tell the court today what those conversations were about?
> A [INAUDIBLE] we came out here, this office was on the other side over there, and they said that we were going to receive -- when I turned full age, which would have been 66, which has been two years ago, I would receive $12,999. I was told that at this office here, and also I was told that by a Mr. Meeks [phonetic] up in [INAUDIBLE] office.
> Q And were any additional benefits ever paid?
> A No.
> ALJ: Someone from this office, this office here?
> WTN: Not -- next door, where we --
> ALJ: Oh, the Social Security field office.
> WTN: Yes, ma'am. Yes, your honor.
> ALJ: Okay, that's -- okay. I'm sorry to interrupt you.
> ATTY: No, that's okay.
> ALJ: I just -- I didn't -- I didn't understand why somebody here would be telling -- would be saying anything like that. Okay. Okay.
> Q So it's your contention that a representative of the administration explained that the benefits would continue.
> A Continue as they did, yes.
> Q And at some point in time you or Daniel received a notice that -- saying the benefits would be terminated?

> A We were -- we were told on a -- when we appeared -- what happened was the Fern Ridge office on the other the - other address -- 1215, I believe -- a gentleman told us in January when I turned 66 that you would receive your benefit, it's there in the -- in our computer, I have to go home and do our -- get our taxes done. So we proceeded to get our taxes done to show that we didn't owe the Social Security money. Then we came back to the Fern Ridge office, and a young lady then said we were denied for whatever reason it was. I don't know what they said, but we were denied. But I was told from, I know, at least three or four people from Social Security, said we would get that check.

(Tr. 111-112).

### III. DECISIONS OF THE ALJ AND THE APPEALS COUNCIL

The ALJ determined that Plaintiff's eligibility for CIB is derivative from the wage earner's, Plaintiff's father, continued eligibility for Social Security Retirement Benefits as defined under the Social Security Act (Tr. 20). The ALJ found that Plaintiff's father exceeded the maximum allowable income of $12,960.00 in 2007, and was no longer eligible to receive Social Security Retirement Benefits in 2007 (*Id.*). Accordingly, the ALJ concluded that the Plaintiff became ineligible for CIB in July of 2007, and remained ineligible through his 19th birthday and two months thereafter (*Id.*). Upon review of the ALJ's decision, the Appeals Council determined that Plaintiff's father applied for and began receiving retirement benefits in 2007, at age 62 (Tr. 6). The Appeals Council found that Plaintiff's father's earnings for 2007 exceeded the allowable limit of $12,960.00 and his benefits, and those of Plaintiff, were suspended, beginning July 2007 (*Id.*). The Appeals Council further determined that Plaintiff's benefits ceased in February 2008, the first day of the third month after the month in which Plaintiff turned 19 (*Id.*). Accordingly, the Appeals Council concluded Plaintiff became ineligible for CIB on July 1, 2007, and remained ineligible through his 19th birthday and two months thereafter (*Id.*).

3

## IV. LEGAL STANDARD

Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. *Ramirez v. Barnard*, 292 F.3d 576, 583 (8th Cir. 2002). "Substantial evidence is less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015) (internal quotations omitted). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

## V. DISCUSSION

In his appeal of the Commissioner's decision, Plaintiff's sole assertion is that the ALJ and the Appeals Council erred in not taking into consideration the equitable argument raised before the ALJ that Plaintiff's father received misinformation from Social Security representatives at a field office and relied on this information to his detriment (Doc. 10 at 4). The Commissioner does not dispute that Plaintiff's father received misinformation (Doc. 15 at 5). Instead, the Commissioner asserts that Plaintiff's father did not detrimentally rely on this misinformation because conversations that occurred after Plaintiff's benefits ceased could not reasonably impact Plaintiff's father's decision to work, or to continue working, and because reliance on these statements was unreasonable given the Commissioner's written notices (Doc.

15 at 5). Upon review, the Court finds substantial evidence in the record to support the Commissioner's decision.

To establish entitlement to CIB, a claimant must show that he is entitled to child's benefits on the earnings record of an insured person who is entitled to old-age or disability benefits, and must be an insured person's child, be dependent on the insured person, apply for benefits, be unmarried, and under age 18 or 18 years or older and a full-time student. 20 C.F.R. § 404.350(a). A claimant's entitlement to CIB ends at the earliest following: (1) if you are a full time student, the first day of the third month following the month in which you become 19 years old or (2) the month before the month the insured's entitlement to old-age benefits end for reasons other than death or attainment of full retirement age. 20 C.F.R. § 404.352(b)(3), (5). In 2007 and 2008, the yearly allowances for earnings were $12,960 and $13,560, respectively. Social Security Administration, Program Operations Manual (POMS), RS 02501.025. Plaintiff does not contest that the first day of the third month after his 19th birthday was February 1, 2008, or that Plaintiff's father's wages exceeded the allowable limits during 2007 and 2008. Therefore, the Commissioner properly concluded that Plaintiff was no longer entitled to CIB and the remaining question before the Court is whether the Commissioner's failure to address the alleged misrepresentations by the local field office constitutes a reversible error.

The Social Security Administration has, through administrative regulations, set forth some protections for misrepresentations as well as some circumstances in which recovery of an overpayment would be against equity and good conscience. *See, e.g.,* 20 C.F.R. § 404.633 (regarding the deemed filed date); *see* 42 U.S.C. § 404(b).[1] However, the case before the Court

---

[1] Section 42 U.S.C. § 404(b) reads:
In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who

5

does not present one of those instances. The Court finds that Plaintiff's father did not reasonably rely on the alleged misstatements to his detriment. The statements occurred after the benefits had already ceased (Tr. 111). Therefore, the Court does find any detrimental reliance on the alleged misstatements. The only realistic interpretation of Plaintiff's argument would be that, but for the misrepresentation, Plaintiff's father would have stopped working. However, Plaintiff's father's earnings during the period at issue amounted to thousands of dollars more than the total remaining benefit Plaintiff could have received. Even if the Court were to assume Plaintiff's father would have discontinued working if given the correct information, Plaintiff's father's reliance on the information was unreasonable in light of the multiple written notices from the Social Security Administration indicating the exact nature of the termination of Plaintiff's benefit.

## VI. CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not entitled to child's insurance benefits.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED with prejudice**.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 2nd day of November, 2016.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

---

    is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.